UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MOHAMED BECHAR, individually and on behalf of all other persons similarly situated,

                Plaintiff,

-against-

AMERITANIA 54TH ASSOCIATES, LLC d/b/a AMERITANIA AT TIMES SQUARE;

                Defendant.



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: 12-17-18

**SETTLEMENT AGREEMENT AND RELEASE**

17-cv-718

    This Settlement Agreement and General Release of Claims ("Agreement") is entered into by and among Plaintiff MOHAMED BECHAR ("Plaintiff") on the one hand and AMERITANIA 54TH ASSOCIATES, LLC, ("Defendant"), on the other hand.

    WHEREAS, Plaintiff alleges that he worked for Defendant as an employee; and

    WHEREAS, a dispute has arisen regarding Plaintiff's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York ("the Court"), Civil Action No. 17-cv-718 (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

    WHEREAS, Defendant denies any violation of federal and state wage and hour and overtime laws; and

    WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

    NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

    1. <u>Payment</u>: Within fourteen (14) business days after the Court enters the Order dismissing the Complaint with prejudice and approving the settlement, Defendant shall pay to Plaintiff, the total agreed-upon amount of Eight Thousand Dollars and Zero Cents ($8,000.00) in three separate checks as follows:

        (a)    One check in the amount of Two Thousand Four Hundred and Eighty Dollars ($2,480) payable to "Mohamed Bechar", for which a Form 1099 shall be issued to Mohamed Bechar; and

(b)　One check in the gross amount of Two Thousand Four Hundred and Eighty Dollars ($2,480) payable to "Mohamed Bechar", from which usual and customary tax withholdings shall be withdrawn and for which a Form W-2 shall be issued to Mohamed Bechar; and

(c)　One check in the amount of Three Thousand and Forty Dollars ($3,040) made payable to the "Law Office of Justin A. Zeller, P.C.", for which a Form 1099 shall be issued and which shall constitute the attorneys' fee portion of the settlement.

As a condition precedent to this Agreement, Defendant must receive from Plaintiff the signed original of this Agreement and a completed Form W-9 and Form W-4 for Plaintiff, and a completed W-9 Form from Plaintiff's counsel, LAW OFFICE OF JUSTIN A. ZELLER, P.C.

2.　In the event that the Settlement Amount is not paid by the payment date set forth in paragraph 1 above, or if the check fails to clear (i.e., bounces) on its respective payment date, Plaintiff shall serve a written notice ("Default Notice") upon counsel for the Defendant by certified mail, and the Defendant shall have ten (10) business days from the date of delivery of the Default Notice to cure the default by making such payment. Upon Defendant's failure to cure a default within ten (10) business days of delivery of the Default Notice, counsel for Plaintiff may immediately seek enforcement of this Agreement.

3.　The foregoing payments shall represent the full, final and complete settlement of all claims by Plaintiff against Defendant and all other released entities referenced below, including for any compensation, attorneys' fees, costs and expenses. Plaintiff further agrees that he has not relied upon any representation made by Defendant or any of its representatives concerning the tax treatment of said payments. Plaintiff agrees to indemnify, defend and hold harmless Defendant for any resulting tax liability and penalties resulting from payment of the settlement funds designated as liquidated damages in this matter.

4.　Plaintiff represents that as of the date of execution hereof, he has not contacted any governmental agency with jurisdiction over wage and hour laws regarding any potential or alleged violations of Defendant encompassing the claims alleged in the Litigation for the period of time covered by this Litigation, and that, unless he possesses claims that accrue hereafter against Defendant, he will not do so in the future to the extent this prohibition is permitted by law.

5.　Plaintiff understands and agrees that the Settlement Amount (described in Paragraph "1" above) is in full satisfaction of any and all obligations Releasees may have with respect to Plaintiff's wage and hour claims, claims for alleged unpaid wages, liquidated damages, interest and attorneys' fees under the wage and hour provisions of the New York State Labor Law, the Fair Labor Standards Act, and/or any other applicable wage and hour and wage payment laws, rules or regulations for anything that has occurred up to the date Plaintiff executes this Settlement Agreement.

6.　Release and Covenant Not To Sue: Plaintiff, on behalf of himself and his spouses, heirs, executors, testators, representatives, agents, successors and assigns, freely and irrevocably

2

relinquishes, releases, and waives all possible charges, complaints, causes of action, liabilities, obligations, demands, contract rights, and claims against Defendant, Jay Podolsky, Stuart Podolsky and their (as applicable) respective, parent companies, subsidiaries, divisions, related or affiliated companies, spouses, heirs, executors, testators, representatives, predecessors, successors or assigns, or their current or former employees, agents, attorneys, shareholders, officers, directors, and sole proprietors (the "Releasees"), based on or arising out of any acts, omissions, conduct, thing or matter from the beginning of time up to and including the date the District Court dismisses the Action with prejudice, (a) relating to or arising out of wages, hours, overtime, prevailing wages, or wage deductions, (b) arising under or for alleged violation of the Fair Labor Standards Act (the "FLSA") and/or the New York Labor Law ("NYLL"), (c) arising under any actual or allege express or implied contract, or under any common law or for any tort, in regard to work hours overtime, and/or payment of wages, and any issue that could have been raised in this Action. This release and waiver includes any claim for attorneys' fees, expenses and costs in connection with any of the claims released hereby. This waiver and release includes all claims described above now known to Plaintiff, as well as all possible claims described above that are not now known to Plaintiff.

Plaintiff agrees not to file a lawsuit or commence any other legal proceeding against the Defendant nor shall he opt-in to or otherwise participate in any legal proceeding whether in State, Federal or any other court, concerning any matter released in this Agreement. Plaintiff further agrees that he will decline to opt-in to any current or future lawsuit against Defendant alleging violations of the FLSA and will also affirmatively opt-out of any current or future lawsuit against Defendant alleging violations of the New York Labor law. If Plaintiff breaches this Paragraph, Defendant will be entitled to seek recovery of their costs, including their reasonable attorneys' fees, relating to the Defendant's enforcement of this Agreement and/or defense of such claims.

Plaintiff's release of claims set forth in this Paragraph shall not prevent Plaintiff from filing a charge or participating in any investigation or proceeding conducted by the United States Equal Employment Opportunity Commission, National Labor Relations Board, New York State Department of Labor, and/or any other governmental agency charged with enforcement of any law, provided, however, that Plaintiff further agrees and understands that he has waived any right to recover monetary damages or other relief personal to Plaintiff in any such charge, complaint or lawsuit currently pending, filed by him, or on his behalf in any way relating to any Released Claims.

7. No Admission of Liability or Wrongdoing: Plaintiff agrees that nothing contained in this Agreement or otherwise shall constitute or be construed as an admission of any alleged liability or wrongdoing by Defendant, Jay Podolsky or Stuart Podolsky. Defendant denies that they engaged in any wrongdoing of any kind with respect to Plaintiff.

8. Dismissal of the Litigation: The Parties intend for the Plaintiff to waive any and all wage and hour claims he may have against Defendant, including claims under the Fair Labor Standards Act, and therefore desire that this Agreement be approved by the United States District Court. Accordingly, the Parties agree to file a Joint Motion for Approval of the Settlement Agreement after full execution of this Agreement. Plaintiff agrees that the terms of this

3

Agreement are fair and reasonable and Plaintiff agrees, that if asked by a Court in the context of a Fairness Hearing under the FLSA, to confirm that the terms as applied to Plaintiff are fair and reasonable. Plaintiff agrees that any compromises reached in achieving this Agreement furthers the implementation of the Fair Labor Standards Act in the workplace. Plaintiff further agrees that litigation of the case to final decision could result in a denial of all claims, as factual disputes exist as to the validity of each of Plaintiff's claims. All parties agree that extended litigation of the claims raised in the Action would be burdensome and expensive and therefore voluntarily agree to resolve the issues by way of this Agreement to avoid such burdens and expenses. All parties agree that they have been assisted by competent and able counsel and agree that the terms of this Agreement resulted from arms' length negotiations between the parties.

Upon execution of this Agreement, the Parties agree to immediately execute the "Joint Stipulation for Dismissal with Prejudice," in the form annexed hereto as Exhibit A, which will be filed with the Court along with the Joint Motion for Approval of the Settlement Agreement within five (5) business days following the expiration of the seven (7) day revocation period set forth in this Agreement.

Court approval and dismissal of this action is a material condition of this Agreement and the Parties' obligations hereunder. Failure of the Court to approve this Agreement and enter the Parties' Stipulation renders this Agreement null and void and no payments shall be made pursuant to Paragraph 1 of the Agreement. Plaintiffs shall file a Stipulation of Dismissal with Prejudice (in the form of Exhibit A, attached hereto, which is incorporated to this agreement by reference) with the Court in this action once the Agreement has been approved by the Court and the payment check has been received by Plaintiff. In the event that additional documentation is needed to terminate the Litigation as against Defendant, Plaintiff shall execute and submit all documents required to terminate such proceedings. There shall be no distribution of settlement funds from Plaintiff's counsel's escrow account until the Court "so orders" the dismissal of this action.

9. Modification of the Agreement: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff and Defendant.

10. Acknowledgment: Plaintiff acknowledges that he has been fully and fairly represented by counsel in this matter.

Plaintiff and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. Plaintiff and Defendant further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

Plaintiff represents that he has not filed any lawsuits or arbitrations against any of the Releasees or filed or caused to be filed any charges or complaints against any of the Releasees with any municipal, state or federal agency charged with the enforcement of any law, other than the Litigation.

Plaintiff affirms that he has consulted with his attorney, Justin Zeller, Esq., prior to their execution of this Agreement.

4

12. <u>Notices</u>: Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and facsimile transmission thereof. Notice hereunder shall be delivered to:

To Plaintiff:

Justin A. Zeller, Esq.
LAW OFFICE OF JUSTIN A. ZELLER, P.C.
277 Broadway, Suite 408
New York, New York 10007
Tel: (212) 229-2249
Email: jazeller@zellerlegal.com

To Defendant:

Eli Z. Freedberg
LITTLER MENDELSON, P.C.
900 Third Avenue, 8th Floor
New York, New York 10022
Tel: (212) 583.9600

13. <u>Governing Law</u>: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York, in any subsequent proceeding to enforce this Agreement.

14. <u>Enforceability</u>: If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiffs agree to promptly execute a release, waiver and/or covenant that is legal and enforceable.

15. <u>Release Notification</u>: Defendant advised Plaintiff to discuss the terms of this Agreement and release of claims with his legal counsel and Plaintiff acknowledges that he has consulted with Justin Zeller, Esq. of the Law Office of Justin A. Zeller, P.C. Plaintiff acknowledges that it is his choice to waive any potential claims in return for the benefits set forth herein and that he made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with his attorney. Plaintiff confirms that he understands the terms of this Agreement and that he is signing this Agreement voluntarily.

5

16.  Counterparts: To signify their agreement to the terms of this Agreement and General Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart.

**THEREFORE**, the parties to this Agreement now voluntarily and knowingly execute this Agreement as follows:

*The settlement is approved.*

The Clerk of the Court shall mark this action closed and all pending motions denied as moot.

SO ORDERED:

*/s/ Loretta A. Preska*

LORETTA A. PRESKA, U.S.D.J.

12/17/18

6

PLAINTIFF:

Dated: 10/5/17

_____
MOHAMED BECHAR

DEFENDANT:

AMERITANIA 54TH ASSOCIATES, LLC

Dated: 10/24/17

By: _____

7